## McCALEB v. SMITH.

1. **Instructions:** REFUSAL. It is not a good reason for the refusal to give instructions, that they are unnecessarily lengthy and numerous.

2. —— TIME OF REQUESTING. Instructions on the part of defendant were passed up to the court during the opening and only argument made in

McCaleb v. Smith.

the case. *Held*, that it was error for the court to refuse them on the ground that they were submitted so late in the cause that they could not be examined without keeping the jury in waiting.

3. **Slander**: CHARACTER OF ACTS. In an action of slander for accusing plaintiff with stealing, an instruction asked for by the defendant was in substance as follows: That if the facts stated by the defendant at the time of the publication of the alleged slander, and the acts of which he accused the plaintiff, constituted a trespass only, the defendant would not be liable, although he characterized the acts, by the use of the word "stole." *Held*, that its refusal was erroneous.

4. —— INTENT WITH WHICH WORDS ARE SPOKEN. The refusal of the following instruction was also held erroneous: If the words in themselves charged the plaintiff with the commission of a criminal offense, yet if they were understood in a different sense by the hearers, and the defendant intended that they should be so understood, you must then find for the defendant.

*Appeal from Washington District Court.*

SATURDAY, JUNE 8.

ACTION for slander; verdict and judgment for plaintiff for fifty dollars. The defendant appeals. The necessary facts are stated in the opinion.

*McJunkin & Henderson* for the appellant.

*Patterson & Rheinhart* for the appellee.

COLE, J.—The basis of the plaintiff's action is that the defendant accused the plaintiff of stealing blackberries from the defendant's wagon. The ground of defense is that the defendant truly stated the facts and circumstances upon which he based the accusation at the time he made it. The evidence, introduced on the trial, proved the speaking of the words as alleged in the petition, and also tended to show the truth of the facts and circumstances, as given by the defendant at the time and on which he based his belief of the words spoken.

McCaleb v. Smith.

The court gave to the jury, on his own motion, certain instructions as to the correctness of which neither party complains.    The defendant then asked a series

1. INSTRUC-
TIONS: refu-
sal.

of thirteen instructions covering about four pages of the transcript; but (quoting from the bill of exceptions) "which instructions the court, without examination, except of numbers one, two and three, refused to give, for the reason that they were submitted so late in the progress of the cause that they could not be examined without keeping the jury in waiting, after the cause was ready for submission to them on the charge of the court; and the court considered the instructions unnecessarily lengthy and numerous.    The instructions were passed up· while the only speech that was made in the case was being made."

It is an evil, and perhaps a growing one with the profession of this State, that they often ask instructions unnecessarily lengthy and numerous.    The counsel for the defense in this case have not avoided this evil, although it is too true that they have fallen far short of the limit frequently reached by their brethren, in records brought under our examination.    But the remedy for this evil is for the several district judges to take the "lengthy and numerous instructions" asked by counsel, and embody the law contained in them and applicable to the case, in a concise, perspicuous charge.

The practice of refusing to give instructions, or even to read them because they were "unnecessarily lengthy and numerous," would be a most dangerous one, and ought not to receive the sanction of an appellate tribunal.

As to the other ground for refusal by the District Court to give the instructions or examine them, as shown by the

2. —— time of
requesting.

bill of exceptions, to wit, "that they were submitted too late," it seems that it is not well founded.    Our Code provides that, when the argument is

concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court. The party having the burden of proof shall first demand instructions; then the other party. * * * Rev., § 3051. The bill of exceptions shows that the defendant's counsel asked the instructions during the opening and only argument made in the case. It was error, therefore, in the District Court to refuse the instructions for the reasons set forth in the bill of exceptions. But, nevertheless, if the instructions did not contain the law of the case, and ought not for that reason to have been given, there was no error to the defendant's prejudice, and hence it becomes necessary to examine as to their correctness.

The instructions are too numerous to justify a review of them *seriatim.* We can only state the general <span style="font-variant: small-caps">3. Slander:</span> doctrine, as applicable to the theory of the *character of* *acts.* defense. If the facts stated by the defendant at the time of the publication of the alleged slander, and the acts of which the defendant accused the plaintiff, constituted a *trespass* only, the defendant would not be liable, although characterizing the acts by the use of the word "stole." One or more of the instructions asked by the defendant and refused by the court embodied this principle; and it was error, therefore, to refuse them.

So, also, of another instruction asked, which was as follows: "If the words, in themselves, charged the plaintiff 4. —— intent with the commission of a criminal offense, yet *with which* *words are* if they were understood in a different sense *spoken.* by the hearers, and the defendant so intended that they should be understood, you must find for the defendant." These instructions contained correct legal propositions as applied to this case. So also with some of the other instructions. See *Barton* v. *Holmes,* 16 Iowa, 252, and authorities cited; also *Winchell* v. *Strong,*

17 Ill., 597. But the District Court will, upon a re-trial of the cause, examine the instructions upon their *merits*, and will doubtless correctly determine as to the law of the case without further specification in relation to them; as some of them contained correct legal propositions, applicable to the case, it was error to the defendant's prejudice to refuse to give them. The judgment of the District Court is therefore

Reversed.